UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

MORROW EQUIPMENT CO., LLC,

        Plaintiff,                              Civil No. 09-1335-ST

      v.                                     O R D E R

BAKER CONCRETE CONSTRUCTION, INC.,

        Defendant.

HAGGERTY, District Judge:

        Magistrate Judge Stewart issued a Findings and Recommendation [31] in this action recommending that defendant's Motion to Compel Arbitration and Dismiss [11] be GRANTED and that alternative requests within the same motion to stay or transfer venue should be DENIED.

        Plaintiff has filed objections [33]. When a party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Plaintiff filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully

ORDER -- 1

evaluated the Magistrate Judge's Findings and Recommendations, plaintiff's objections, and the record of the case. The Findings and Recommendation is adopted in its entirety.

## ANALYSIS

The facts of the case, and the legal standards that are applicable to the issues advanced, are presented thoroughly in the Findings and Recommendation. After conducting a careful review of the entire record, this court concludes that the Magistrate Judge appropriately recommended dismissal based on an express and unambiguous arbitration provision in the parties' agreement. Plaintiff's objections are overruled.

Plaintiff acknowledges that Magistrate Judge Stewart correctly stated the applicable law that require courts to resolve conflicting contract provisions, but asserts that the Magistrate Judge "overlooked clear and unequivocal language showing that the parties intended to arbitrate all proceedings, including arbitration proceedings, in Oregon." Objections at 1. Plaintiff presents the question as a conflict in the terms of the parties' final agreement addressing defendant's leasing of plaintiff's equipment: plaintiff acknowledges that defendant incorporated terms in that agreement that provided that "arbitration shall take place in one of two Ohio cities, unless otherwise stipulated." Objections at 2. Plaintiff argues, however, that it submitted terms that established that "all proceedings shall be subject to jurisdiction and venue in Oregon." *Id*.

> Plaintiff argues:
>
> The only way to harmonize the conflicting provisions completely is to recognize and give effect to language added to the Final Agreement by [plaintiff] and agreed to by [defendant] clearly providing that Ohio would serve as the venue for arbitration *unless otherwise stipulated*. When [defendant] submitted to jurisdiction in Oregon for all legal actions and proceedings stemming from the Final Agreement, the parties effectively provided the needed stipulation.

Objections at 2 (emphasis in original).

ORDER -- 2

Plaintiff also acknowledges that the meaning of the final agreement's Paragraph 22, which is essential to resolving this dispute, is clear: "arbitration was to be held in Ohio unless the parties designated some other venue."  Objections at 5.

However, plaintiff argues that the agreement's incorporated forum selection clause provided the designation that Paragraph 22 contemplates.  The forum selection clause, found in Paragraph 8 of the final agreement, provides:

> For the purposes of any legal actions or proceedings brought by [plaintiff] in respect of this lease agreement, [defendant] irrevocably submits to the jurisdiction of the Courts of the State of Oregon and of the United States of America sitting in the State of Oregon.

Plaintiff's primary argument against the Findings and Recommendation requires the court to construe the term "proceedings" as encompassing arbitration, so that the forum selection clause trumps the provision that designated Ohio as the forum for arbitration.

 No case law is presented to support plaintiff's proposed construction of its argument. Instead, the Magistrate Judge provided a careful, sound analysis in support of her conclusion that "[n]othing in the record indicates that the parties 'otherwise stipulated' to arbitration in a forum other than Ohio, despite the inclusion of the forum selection clause granting the courts of Oregon personal jurisdiction over [defendant]":

> These multiple provisions may be consistently read to require arbitration in Ohio, with any subsequent enforcement proceedings regarding the arbitration award filed in Oregon.
>
>         [Plaintiff] contends that a forensic reading of the negotiated lease terms reveals that the inclusion of paragraph 22 of [plaintiff's] General Terms altered paragraph 5 of [defendant's] Purchase Order and requires that legal venue – including resolution of any arbitration proceedings – to take place in Oregon. . . . However, Morrow did not strike Ohio as the arbitration location and, as a result, the negotiated terms neither unambiguously preclude arbitration in Ohio nor unambiguously require arbitration in Oregon.  Without that kind of specificity, [plaintiff's] argument fails.  "[A] forum selection clause cannot nullify an arbitration clause unless the forum selection clause specifically precludes arbitration."  *Personal Sec. & Safety Sys., Inc., [v. Motorola, Inc.]*, 297 F.3d [388]

ORDER -- 3

at 395 [(5th Cir. 2002) (citations omitted). A reasonable interpretation of the final lease terms is that they require arbitration in Ohio.

Findings and Recommendation at 10 (some citations omitted).

As the Magistrate Judge notes, plaintiff failed during the drafting of the forum selection clause or during the revisions of the arbitration clause to specifically stipulate that any arbitration (as well as any judicial proceedings) must be in Oregon. Plaintiff's attempts to construe the terms agreed upon differently are unavailing.

Courts construe arbitration hearings as distinct from legal or judicial proceedings. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 222 (1985) (holding that arbitration is not construed as a judicial proceeding); *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1318 (S.D. Fla. 2004) (holding that federal law recognizes a distinction between judicial proceedings and arbitration proceedings).

The parties unambiguously agreed to arbitrate their claims in Ohio. The inclusion of a forum selection provision for "legal actions or proceedings" (but silent as to arbitration) does not void the unambiguous arbitration agreement nor render it ambiguous.

This court acknowledges that leave was granted to both parties for supplemental briefing. Plaintiff's objections regarding the arbitration clause has evolved from insisting that the clause conflicts with the forum selection clause to a modified view that the forum selection clause was a stipulation regarding the arbitration venue, to proposing a construction that views the forum selection clause essentially as an arbitration clause. Each variation of plaintiff's objections has been considered.

Nothing presented in plaintiff's alternative arguments diminishes the soundness of the Findings and Recommendation. The Magistrate Judge's legal authorities remain applicable, and her analysis that recognizes that the parties' forum selection provision does not alter the parties'

agreement to arbitrate in Ohio is correct.  Plaintiff's objections and alternative objections are rejected, and the Findings and Recommendation is adopted in its entirety.

**CONCLUSION**

The Magistrate Judge's Findings and Recommendation [31] in this action is adopted. Defendant's Motion to Compel Arbitration and Dismiss [11] is GRANTED (and alternative requests within the same motion to stay or transfer venue are DENIED).  This case is dismissed.

IT IS SO ORDERED.

Dated this  1  day of November, 2010.

 /s/ Ancer L. Haggerty
Ancer L. Haggerty
United States District Judge